Filed 1/22/16  P. v. McAdory CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE, | B263993 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. TA133613) |
| v. | |
| MARVETTE TRINELL MCADORY, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, H. Clay Jacke II, Judge.  Affirmed.

Erik Harper, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

\* \* \* \* \* \*

Defendant Marvette Trinell McAdory was found guilty of one count of grand theft by embezzlement. She appeals from the judgment. Pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), defendant's counsel filed an opening brief requesting that this court review the record to determine whether any arguable issue exists on appeal. We find no arguable issue and affirm the judgment.

## BACKGROUND

Defendant, a cashier at Walmart was charged with one count of grand theft by embezzlement for taking money in an amount greater than $950 from her employer. Defendant pled not guilty and was tried by jury.

At the Walmart store where defendant worked, an electronic journal daily tracked each transaction. At the end of every day, a customer service manager counted the money in each register. When a register did not have the expected amount of funds, the loss prevention team would commence observing all of the cashiers at that register. In November and December 2013, an investigation was conducted, and it was determined that defendant had taken money from her register, which was "short" (meaning it did not have the amount it should have had at the end of the day) several times. On November 23, 2013, defendant's register was short $200; on November 29, 2013, it was short $780; on December 9, 2013, it was short $300; and on December 21, 2013, it was short $400.

A videotape of defendant was played for jurors, and jurors asked to see it a second time during their deliberations. Defendant was observed frequently taking large bills from the register and placing them in a change bag and "constantly having her hands inside the bag, [and] constantly looking at her surroundings." She was observed taking cash out of the cash bag and placing it under the counter and possibly also in her pocket. Defendant was observed with money in her hands immediately after removing them from a cash bag. No other cashiers working on the same register as defendant engaged in any suspicious conduct.

Defendant was convicted as charged.  The court imposed and stayed a one-year county jail sentence.  Defendant was placed on probation for three years.  Defendant was ordered to pay Walmart $1,690 in restitution.

## DISCUSSION

We appointed counsel to represent defendant.  Counsel identified no issues.  We advised defendant that she had 30 days to submit a letter identifying any contentions, and defendant did not file a letter.  We have examined the entire record.  We are satisfied no arguable issue exists, and defendant's counsel has fully satisfied his responsibilities.  (*Wende, supra*, 25 Cal.3d at pp. 441-443; *People v. Kelly* (2006) 40 Cal.4th 106, 123-124; see *Smith v. Robbins* (2000) 528 U.S. 259, 279-284.)

## DISPOSITION

The judgment is affirmed.


FLIER, J.

WE CONCUR:



RUBIN, Acting P. J.



GRIMES, J.


3